WO

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Marcell Louise Steely-Judice,<br><br>    Plaintiff,<br><br>v.<br><br>Taylor Fine Art LLC,<br><br>    Defendant. | No. CV-14-08238-PCT-GMS<br><br>**ORDER** |

Pending before the Court is Defendant Taylor Fine Art, LLC's ("Taylor Gallery") Motion for Summary Judgment, (Doc. 22). For the following reasons, the motion is granted.

**BACKGROUND**

Taylor Gallery is an art gallery in Sedona, Arizona. (Doc. 23 at 1.) It employs sales consultants throughout the gallery, and expects these employees to have "great attitudes, be good team players, and have the desire to succeed." (*Id.*) Taylor Gallery also upholds a professional dress code among its employees, and specifically prohibits its employees from wearing "flip-flop or thong sandals" while working. (*Id.* at 2.)

Plaintiff Marcell Steely-Judice suffers back pain stemming from an injury in the 1990's that resulted in a broken back. (Doc. 23 at 3; Doc. 27 at 2.) Steely-Judice finds that changing her shoes throughout the day helps alleviate her back pain. (Doc. 23 at 5;

Doc. 27 at 4.)  Steely-Judice switches between two shoes in particular; a pair of orthopedic Dansk clogs and a pair of sandals.  (Doc. 23 at 4; Doc. 27 at 4.)

Steely-Judice joined Taylor Gallery as a sales consultant on September 20, 2013. (Doc. 23 at 3; Doc. 27 at 2.)  She worked there for a total of four days.  (Doc. 23 at 6.) On her first day, Steely-Judice wore her Dansk clogs to work.  (Doc. 23 at 4; Doc. 27 at 3.)  On her second day, she switched between the clogs and the sandals.  (Doc. 23 at 5; Doc. 27 at 4.) The gallery director and Steely-Judice's supervisor, Ms. Krista Drake, informed her that the sandals did not comply with Taylor Gallery's dress code, and that she could not wear them to work. (Doc. 23 at 5; Doc. 27 at 4.)  Steely-Judice told Drake that she needed to switch between shoes to manage her pain.  (*Id.*)  Drake told Steely-Judice that she would ask the owner, Michael Taylor, whether she could wear the sandals despite the fact that they violated the dress code.  (Doc. 23 at 6; Doc. 27 at 4.)  On the third day, Steely-Judice was informed that she could not wear the sandals during her shifts because they did not comply with the dress code.  (*Id.*)  Michael Taylor discharged Steely-Judice on the morning of her fourth day.  (*Id.*)

Taylor Gallery asserts that it discharged Steely-Judice due to her allegedly combative personality.  (Doc. 23 at 7.)  According to Drake, Steely-Judice was "angry, combative and pushy" during her shifts.  (*Id.* at 5.)  Steely-Judice argues that she was discharged due to her disability and her resulting request for an accommodation to wear shoes that did not comply with the dress code.  (Doc. 27 at 5.)  She further asserts that the "personality conflict" cited by Taylor Galley is merely a pretext for the true reason she was discharged.  (*Id.* at 6.)  Taylor Galley's employees testified that the personality conflict was the sole reason behind Steely-Judice's dismissal.  (Doc. 23 at 6.)  Taylor Gallery now moves for summary judgment against Steely-Judice.

## DISCUSSION

**I.    Legal Standard**

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates "that there is no genuine dispute as to

any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Substantive law determines which facts are material and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  "A fact issue is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Anderson,* 477 U.S. at 248).  Thus, the nonmoving party must show that the genuine factual issues "'can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.'" *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987) (quoting *Anderson*, 477 U.S. at 250).

Although "[t]he evidence of [the non-moving party] is to be believed, and all justifiable inferences are to be drawn in [its] favor," the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  The nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations unsupported by facts.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c).  "A trial court can only consider admissible evidence in ruling on a motion for summary judgment," and evidence must be authenticated before it can be considered.  *Orr v. Bank of Am.*, 285 F.3d 764, 773–74 (9th Cir. 2002).

**II.     The Americans with Disabilities Act**

The Americans with Disabilities Act ("ADA") ensures that no employer "shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee

- 3 -

compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). The ADA provides a private right of action for employees that have been wrongfully discharged. To state a prima facie case, the employee "must establish that he is a qualified individual with a disability and that the employer terminated him because of his disability." *Humphrey v. Mem'l Hosps. Ass'n*, 239 F.3d 1128, 1133 (9th Cir. 2001). Once the employee establishes a prima facie claim under the ADA, the burden shifts to the employer to provide a "legitimate, nondiscriminatory reason for its employment action." *Raytheon Co. v. Hernandez*, 540 U.S. 44, 50 (2003). If such a reason is provided, then the inquiry becomes "whether respondent [can] produce sufficient evidence from which a jury could conclude that 'petitioner's stated reason for respondent's rejection was in fact pretext.'" *Id.* at 52 (quoting *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804 (1973)).

"A plaintiff can show pretext directly, by showing that discrimination more likely motivated the employer, or indirectly, by showing that the employer's explanation is unworthy of credence." *Vasquez v. Cty. of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003), *as amended* (Jan. 2, 2004). However, "[t]o show pretext using circumstantial evidence, a plaintiff must put forward specific and substantial evidence challenging the credibility of the employer's motives." *Id.* at 642. "[A]n employee's subjective personal judgments of her competence alone do not raise a genuine issue of material fact," and thus a plaintiff cannot demonstrate pretext by arguing that she believed she was doing an adequate job, even if she "had no feedback indicating otherwise" from her employer prior to being discharged. *Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 270 (9th Cir. 1996).

"In *some* cases, temporal proximity can by itself constitute sufficient circumstantial evidence of retaliation for purposes of both the prima facie case and the showing of pretext." *Dawson v. Entek Int'l*, 630 F.3d 928, 937 (9th Cir. 2011). However, temporal proximity "is ordinarily insufficient to satisfy the secondary burden to provide evidence of pretext." *Hooker v. Parker Hannifin Corp.*, 548 F. App'x 368, 370 (9th Cir.

2013). Furthermore, in cases "where the same actor is responsible for both the hiring and the firing of a discrimination plaintiff, and both actions occur within a short period of time, a strong inference arises that there was no discriminatory motive." *Bradley*, 104 F.3d at 270–71. Therefore, temporal proximity is a less persuasive argument where an employee was only employed for a short period of time. *Id.*

In the case at hand, it is unnecessary to address whether Steely-Judice presented a prima facie case under the ADA because she fails to present specific and substantial evidence to support her claim that Taylor Gallery's nondiscriminatory rationale for her dismissal is pretext.

Taylor Gallery asserts that Steely-Judice was dismissed solely due to her combative attitude, specifically due to her failure to get along with her manager. Steely-Judice asserts that this non-discriminatory rationale is pretext. However, she is unable to present specific and substantial evidence challenging Taylor Gallery's motives, and thus summary judgment is appropriate. Steely-Judice argues that she believed that she was doing a satisfactory job, and that she was interviewed in person and selected for the job. However, her subjective belief that she was doing a good job is insufficient to challenge her employers' rationale for dismissing her. *Bradley*, 104 F.3d at 270.

The only valid argument Steely-Judice presents in favor of pretext is the temporal proximity of her request for an accommodation and her discharge. However, in this case, Steely-Judice only worked at the gallery for four days. The same individual that hired her, Michael Taylor, is the same individual that discharged her. This is not one of the exceptional cases where temporal proximity to the request for accommodation and the discharge is sufficient to raise an issue of fact as to pretext. *See Bradley*, 104 F.3d at 270–71.

/ / /

/ / /

/ / /

/ / /

- 5 -

**CONCLUSION**

Because Steely-Judice cannot present significant and substantial evidence to challenge Taylor Gallery's nondiscriminatory rationale for discharging her, the Defendant's motion for summary judgment is granted.

**IT IS THEREFORE ORDERED** that the Defendant's Motion for Summary Judgment, (Doc. 22), is **GRANTED**. The Clerk of Court is directed to terminate this action and enter judgment accordingly.

Dated this 9th day of January, 2017.

_____
Honorable G. Murray Snow
United States District Judge